# United States Tax Court

T.C. Summary Opinion 2023-24

KARIM GOBRAN AND ASHLEY SMITH-GOBRAN,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 12565-18S.                          Filed July 20, 2023.

————

Karim Gobran and Ashley Smith-Gobran, pro se.

*Brian P. Beddingfield*, *Michelle A. Monroy*, *Hans Famularo*, and *Willis B. Douglass*, for respondent.

## SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 27, 2018 (notice), respondent determined deficiencies in petitioners' federal income tax for 2012 and 2013, a section 6651(a)(1) addition to tax for 2012, and section 6662(a) accuracy-related penalties for 2012 and 2013.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for our decision are whether petitioners[2] are: (1) entitled to deduct certain trade or business expenses in excess of amounts respondent allowed for each year in issue, (2) liable for the above-referenced addition to tax, and (3) liable for a section 6662(a) accuracy-related penalty for either year in issue.

*Background*

Some of the facts have been stipulated and are so found. At the time the Petition was filed, petitioners lived in California.

During each year in issue, petitioner was a professional tennis instructor. He had previously worked as a tennis instructor for a tennis academy, but in 2012 he formed KG Elite, a sole proprietorship through which he provided tennis instruction to his students in the Newport Beach, California, area. Through KG Elite, petitioner offered tennis training sessions and individual coaching at local and national tennis tournaments.

Petitioner conducted tennis lessons on tennis courts in and around the Newport Beach area, including tennis courts at the residential complex where he lived. With the possible exception of the tennis courts where he lived, he typically paid fees for the use of the tennis courts where the lessons were conducted. Petitioner occasionally hired other individuals to instruct his students and/or coach them at tournaments, but he did not withhold any employment taxes from the amounts paid to any of these individuals, nor did he issue Forms W–2, Wage and Tax Statement, or Forms 1099–MISC, Miscellaneous Income, to any of them.

Petitioners' 2012 federal income tax return was not filed when due; their 2013 return was timely filed (returns). The income and deductions attributable to KG Elite are reported on multiple Schedules C, Profit or Loss From Business, included with the returns. Both returns were prepared by petitioner, and both reflect how petitioner thought the returns should be prepared after consulting with other professional tennis instructors.

Petitioner maintained several bank accounts during the years in issue. Income earned through KG Elite was deposited into these

---

[2] The parties have stipulated that Ashley Smith-Gobran is entitled to full relief from joint liabilities that might result from the deficiencies redetermined in this proceeding. *See* § 6015(f). References to petitioner are to Karim Gobran.

accounts, and some of KG Elite's operating expenses were paid through them.  It is unknown whether petitioner (1) maintained any other books or records for KG Elite, (2) retained any receipts for expenses paid in the operation of the business, or (3) kept any sort of contemporaneous log or journal in which he recorded vehicle or travel expenses with respect to KG Elite.  If so, the documents were not provided to respondent's revenue agent during the examination of the returns nor presented to the Court during the trial.

Because of the lack of business records for KG Elite, the revenue agent who conducted the examination of the returns summonsed and reviewed petitioner's bank records.  A bank deposits method of income determination[3] was conducted that showed that petitioner had understated KG Elite's gross receipts by $3,825 for 2012 and overstated KG Elite's gross receipts by $8,317 for 2013.  Petitioners now agree to those findings.

For each year, the analysis of petitioner's bank records also showed that petitioners overstated most of KG Elite's deductions and understated others.  The results of the bank deposits analysis are reflected in the adjustments made in the notice.  No reasonable explanation was provided for the variance between information shown on petitioner's bank records and amounts for items shown on the returns.

*Discussion*

I.    *Unreported income*

Taxpayers must maintain books and records sufficient to establish their income and expenses; and if they fail to do so, the Commissioner may reconstruct income through any reasonable method. §§ 6001, 446(b); *Petzoldt v. Commissioner*, 92 T.C. 661, 693 (1989); Treas. Reg. § 1.6001-1(a).  We have long accepted the bank deposits

---

[3] The bank deposits method is one of the indirect methods of income determination the Commissioner relies upon if a taxpayer fails to keep books and records or a taxpayer's records do not clearly reflect the taxpayer's income.  *See* § 446(b); *DiLeo v. Commissioner*, 96 T.C. 858, 867 (1991), *aff'd*, 959 F.2d 16 (2d Cir. 1992).  "The use of the bank deposits method for computing income has long been sanctioned by the courts." *Estate of Mason v. Commissioner*, 64 T.C. 651, 656 (1975), *aff'd*, 566 F.2d 2 (6th Cir. 1977).

method for this purpose. *DiLeo*, 96 T.C. at 881; *Clark v. Commissioner*, T.C. Memo. 2021-114, at \*34.

Respondent's revenue agent reconstructed petitioner's income on the basis of deposits to and withdrawals from petitioner's bank accounts during the years at issue. The bank account records were admitted into evidence along with the revenue agent's summaries of the bank deposits analysis. This evidence was supported by the testimony of the revenue agent who performed the bank deposits analysis; and as noted, petitioner now agrees that KG Elite's income was understated for one year and overstated for the other as shown by the analysis. Otherwise, petitioners have not called our attention to any error in the revenue agent's analysis, and we have uncovered none from our own review.

II.     *Business deductions*

As we have observed in opinions too numerous to count, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[4] Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses underlying deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965). A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. *See* § 6001; *Hradesky*, 65 T.C. at 89–90; Treas. Reg. § 1.6001-1(a).

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. § 162(a); *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004). On the other hand, section 262(a) generally disallows any deduction for personal, living, or family expenses.

Deductions for expenses attributable to travel ("including meals and lodging while away from home"), entertainment, gifts, and the use

---

[4] Petitioner does not claim, and the record does not otherwise demonstrate, that the provisions of section 7491(a) are applicable here, and we proceed as though they are not.

of "listed property" (as defined in section 280F(d)(4) and including passenger automobiles), if otherwise allowable, are subject to strict rules of substantiation. *See* § 274(d); *Sanford v. Commissioner*, 50 T.C. 823, 827 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Temp. Treas. Reg. § 1.274-5T(a). With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. *See* Temp. Treas. Reg. § 1.274-5T(b)(6)(i)(B).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(c)(2). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Temp. Treas. Reg. § 1.274-5T(c)(3).

We consider the evidence submitted in this case against the fundamental principles just described.

Petitioner credibly testified with respect to the operation of his business and the types of expenses he paid in connection with the business (including expenses otherwise subject to the limitations of section 274), but his generalized testimony provides no basis for allowing a deduction for any expense in excess of the amount respondent already allowed. Petitioner's bank records were thoroughly reviewed during the examination for the years in issue, and the adjustments made in the notice are supported by petitioner's bank records. Although petitioners do not in all respects agree with the results of the bank deposits analysis, they have not, as noted, offered anything that suggests the analysis is in one way or another erroneous.

We certainly recognize that the generation of business income routinely requires deductible business expenses, the amounts of which, if not otherwise properly substantiated, can be allowable if reasonably

estimated. *See Cohan v. Commissioner*, 39 F.2d 540 (2d Cir. 1930). However, without sufficient evidence that would allow for the reasonable estimates of the amounts of some of the deductions here in dispute, we are unable to give petitioners the benefit of that principle for either year before us. *See Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985).

III.    *Section 6651(a)(1) addition to tax for 2012*

Section 6651(a)(1) provides for an addition to tax for failure to file a timely return unless the taxpayer establishes that such failure is due to reasonable cause and is not due to willful neglect. *See United States v. Boyle*, 469 U.S. 241, 245 (1985); *Harris v. Commissioner*, T.C. Memo. 1998-332.

Respondent's records demonstrate that petitioners' return was not timely filed, and petitioners do not dispute the point. Respondent's section 7491(c) burden of production has been met with respect to the imposition of the section 6651(a)(1) addition to tax.

Petitioners offer two reasons for the untimely filing of their 2012 return: (1) the deaths of two of petitioner's close relatives in 2020 and (2) that petitioner was "consumed" with his work and there "was always something more important than doing the taxes."

The date that petitioners' 2012 return was due passed long before the deaths of petitioner's relatives. We understand how family deaths can disrupt or interfere with routine obligations; but the timing of the events suggests that one had nothing to do with the other. Furthermore, it might well have been that petitioner had competing demands on his time around the due date of petitioners' 2012 return. We expect that petitioner prioritized those demands in a manner that best suited petitioners' interests at the time. However, as we noted in *Wilkinson v. Commissioner*, T.C. Memo. 1997-410, slip op. at 18, "a taxpayer's selective inability to meet his or her tax obligations when he or she can carry on normal activities does not excuse a late filing."

Because petitioners have failed to demonstrate that their failure to file their 2012 return timely was due to reasonable cause, respondent's determination of a section 6651(a)(1) addition to tax is sustained.

IV.     *Section 6662(a) accuracy-related penalties*

Lastly, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty for either year in issue. The evidence shows that respondent has in all respects met his burden of production with respect to the determination of accuracy-related penalties. *See* §§ 6662(a) and (b)(1), 6751(b)(1), 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001).

Taxpayers are required to maintain adequate books and records from which their federal income tax liabilities can be established. *See* § 6001; Treas. Reg. § 1.6001-1. The failure to do so is a ground for the imposition of a section 6662(a) penalty. *See* Treas. Reg. § 1.6662-3(b). Although petitioners offered no direct evidence on the point, it might very well have been that petitioner considered his bank account records to be sufficient "books and records" for the operation of KG Elite. It is commonly known and accepted that small businesses often use only a checking account for that purpose. If so, for purposes of the imposition of a section 6662(a) penalty, we could excuse minor variances between information shown in petitioner's bank records and amounts for various items shown on the returns. But the significant unexplained differences between petitioner's "books and records" and the items shown on the returns constrain us to agree with respondent's imposition of a section 6662(a) penalty for each year in issue. Accordingly, respondent's determination of an accuracy-related penalty for each year in issue on ground of negligence is sustained.

To reflect the foregoing,

*Decision will be entered under Rule 155.*